UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICKI BONVILLAIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-60** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT ET AL** | **SECTION "L" (2)** |

**ORDER & REASONS**

Pending before the Court is Plaintiff Vicki Bonvillain's Motion to Produce Documents. R. Doc. 50. Defendants oppose the motion. R. Doc. 52. Defendants sent the documents in question to the Court for an in-camera review. Having considered the briefing, the documents, and applicable law, the Court now rules as follows.

## I. BACKGROUND

The Court has already summarized the background of this case in previous orders. The Court will not reiterate these facts at length. Briefly, this is a § 1983 case. Plaintiff alleges that a Terrebonne Parish Deputy, Michale Leone, shot and killed her 31-year-old son during a traffic stop. Further, she avers that Deputy Leone and his boss Terrebonne Parish Sheriff Timothy Soignet conspired to cover up the homicide and to falsely report that her son committed suicide. Plaintiff sued Leone and Soignet, as well as other parish and city employees who allegedly participated in the cover-up: Terrebonne Parish Custodian of Records Mart Black, Terrebonne Parish Coroner Patrick D. Walker, Terrebonne Parish Sheriff Deputy Silas Guidry, and Houma Police Chiefs Dana Coleman and Travis Theriot. *Id.* at 2-4.

## II. PRESENT MOTION

Plaintiff alleges that Defendants have wrongfully withheld some documents. R. Doc. 50.

1

She avers that prior to bringing the instant lawsuit, she made several public records requests with Terrebonne Parish. *Id.* at 2. She avers that "the documents claimed to be privileged arose in the context of responding to" her public records requests. *Id.* She avers that Defendant has not met its burden of proving that these withheld communications are privileged. *Id.* at 3.

Defendants oppose the motion, contending that all withheld documents are privileged attorney-client communications between Terrebonne Parish Custodian of Records Mart Black and Terrebonne Parish Attorney Jules Hebert. R. Doc. 52 at 1. Defendants aver that these communications consist of Mr. Black asking Mr. Hebert for legal advice regarding how to comply with the applicable law in responding to Plaintiff's public records requests. *Id.* Defendants argue that no exception, such as the crime-fraud exception, applies to remove the privilege. *Id.* at 2-3. Finally, Defendants note that a Louisiana state district court has already held that these documents are privileged. Plaintiff brought a separate lawsuit in state court challenging Defendants' handling of her public records requests. In that suit, she moved to compel production of the same documents at issue here. The court ruled that the documents were privileged. Defendants urge this Court to adopt the same conclusion.

### III.   LAW & ANALYSIS

Attorney-client privilege protects from disclosure "communications from the client to the attorney made in confidence for the purpose of obtaining legal advice." *Wells v. Rushing*, 755 F.2d 376, 379 n.2 (5th Cir. 1985). "It shields communications from the lawyer to the client only to the extent that these are based on, or may disclose, confidential information provided by the client or contain advice or opinions of the attorney." *Aspex Eyewear, Inc. v. E'Lite Optik, Inc.*, 2002 WL 1592606, at *2 (N.D.Tex. July 17, 2002). Because Defendants assert the privilege, they have the burden of proving that it applies to each document that they seek to protect from disclosure. *United States v. El Paso Co.*, 682 F.2d 530, 539 (5th Cir.1982). Specifically, they must establish as to

each document the following elements:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is (the) member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975).

Courts have held that attorney client privilege can protect communications wherein a municipal employee seeks legal advice from the municipality's lawyer regarding how to comply with applicable law. In *AHF Community. Development, LLC v. City of Dallas*, the Court held that "email communications between City employees and . . . the City's assistant city attorney" were privileged. 258 F.R.D. 143, 146 (N.D. Tex. 2009). The court reasoned that the documents "contain [the city attorney's] legal advice and opinions related to the City's response to a fair housing complaint that [Plaintiff] filed . . . and confidential information provided to enable [the attorney] to prepare the City's response." Thus, the court concluded that the documents met the elements required for the privilege to apply.

Here, the Court has reviewed the documents in camera and concludes that they are indeed subject to attorney-client privilege and were properly withheld from discovery. The documents are emails in which a Terrebonne Parish employee, records custodian Mart Black, seeks legal advice from Terrebonne Parish attorney Jules Hebert regarding how to comply with applicable Louisiana law in handling Plaintiff's public records request. Mr. Hebert provides legal opinions, citing statutes and case law to support his advice. Accordingly, these communications between a Parish employee and the Parish attorney regarding the Parish's compliance with applicable law are privileged. The Court's conclusion is further confirmed by the fact that a Louisiana court has also

reviewed the materials and held the same.

Finally, the Court finds that the crime-fraud exception does not apply. This exception operates to destroy privilege where the communication "is intended to further continuing or future criminal or fraudulent activity." *In re Grand Jury Subpoena*, 220 F.3d 406, 410 (5th Cir. 2000). The Court has read the documents and determined that they evince no such intent.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion to produce documents, R. Doc. 50, is **DENIED.**

New Orleans, Louisiana, this 30th day of January, 2025.

HONORABLE ELDON E. FALLON