UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VICKI BONVILLAIN** | * | **CIVIL ACTION NO. 24-60** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **TERREBONNE PARISH CONSOLIDATED GOVERNMENT, ET AL.** | * | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

\* \* \* \* \* \*

## ORDER & REASONS

Before the Court are two motions. First, the Terrebonne Parish Consolidated Government Defendants[1] ("TPCG Defendants") requests that this Court award it not only costs but also attorneys' fees pursuant to 42 U.S.C. § 1988. R. Doc. 140. Second, defendants Silas Guidry and Timothy Soignet move this Court for an award of costs. R. Doc. 141. The Court notes that defendant Michael Leone has also filed a bill of costs that is presently pending before the Clerk of Court. R. Doc. 142. Plaintiff opposed the motions. R. Doc. 146. Considering the record, briefing, and applicable law, the Court now rules as follows.

### I.   BACKGROUND & PRESENT MOTION

The Court assumes the parties are familiar with the factual background of the case and will not rehash the history in detail as this Court has in its prior orders and reasons. *E.g.*, R. Docs. 22, 135. In short, this case arose out of the death of Jonathon Verdin ("Verdin"), Plaintiff's thirty-one-year-old son. R. Doc. 1 at 4. Bonvillain claimed that Defendant Michael Leone ("Leone"), a Terrebonne Parish Sheriff Officer, shot and killed Verdin during a traffic stop on January 8, 2023.

---

[1] This defendant group includes former Deputy Coroner and current Coroner Walker, former Coroner Dr. Ledoux, forensic pathologist Dr. Vo, Records Custodian Black, Houma Police Chief Theriot, and former Police Chief Coleman, as well as Terrebonne Parish Consolidated Government through its current Parish President, Jason Bergeron.

1

*Id.* She brought a claim against Leone pursuant to 42 U.S.C. § 1983, alleging that he violated her son's constitutional right to life by killing him with a use of excessive force. *Id.* at 12. She brought a second § 1983 claim against Leone, as well as other law enforcement officers and Terrebonne Parish officials, asserting that they conspired together to cover up that Leone killed her son. *Id.* at 12-14; R. Doc. 29 at 2-4. Bonvillain also brought several state law claims against the various defendants. R. Doc. 1 at 1, 9, and 17; R. Doc. 29 at 2-3.

The Court granted summary judgment in favor of Defendants on all of Plaintiff's claims because it could not find that Plaintiff submitted any evidence to support her theory that Leone shot her son. R. Doc. 135. Because the Court found no material facts to support the inference that Leone shot Verdin, the Court found no genuine issue of material fact as to whether Verdin suffered a constitutional injury. *Id.* at 7–19. And because an underlying constitutional injury is a prerequisite to a viable § 1983 conspiracy claim, the Court did not further address those claims. *Id.* at 19–22. Similarly, the Court declined to exercise supplemental jurisdiction over Bonvillain's state law claims because it dismissed all claims over which it had original jurisdiction. *Id.* at 22–23 (citing 28 U.S.C. § 1367(c)(3)). Ultimately, the Court granted summary judgment in favor of all defendants. *See id.*

Over the course of this case, the various defendants were broken into three groups, and now the three defendant groups are requesting costs and attorneys' fees as the prevailing parties. Defendant Leone, who constitutes one group, has filed a motion for costs that is presently pending before the Clerk of Court. R. Doc. 142. Defendants Timothy Soignet and Silas Guidry filed a motion titled "Motion for Attorney's Fees and Costs" that appears to, at closer inspection, only request costs, not attorney's fees. R. Doc. 141 at 2 ("Because the civil rights claim made by Bonvillain were [sic] and are groundless and lacking in any legal basis . . . the TPSO defendants

are entitled to an award of costs made necessary to defend the groundless civil rights claims.").

The remaining defendants, the TPCG Defendants, filed a motion for attorney's fees and costs, arguing that they should be awarded attorney's fees under § 1988 because Bonvillain's claims were unreasonable, frivolous, or otherwise without merit. R. Doc. 140. Plaintiff opposes any categorization of her claims as unreasonable, frivolous, or otherwise without merit. R. Doc. 146.

## II. APPLICABLE LAW

Under 42 U.S.C. § 1988, a district court may award reasonable attorneys' fees to the prevailing party in a Section 1983 case, so long as the prevailing party is not the United States. 42 U.S.C. § 1988(b). However, "prevailing defendants cannot recover § 1988 fees without demonstrating that the plaintiff's underlying claim was frivolous, unreasonable or groundless." *Merced v. Kasson*, 577 F.3d 578, 595 (5th Cir. 2009) (quoting *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998)). Courts "review frivolity by asking whether the case was so lacking in merit that it was groundless, rather than whether the claim was ultimately successful." *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).

"A district court may consider a range of factors in its evaluation of the plaintiff's claim." *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 204 (5th Cir. 2023). These include factors such as "whether the plaintiff established a prima facie case, whether squarely controlling precedent foreclosed the plaintiff's legal argument, whether the plaintiff's evidence was so lacking that there is no basis from which to say the claims were not frivolous, whether the defendant offered to settle, and whether the plaintiff's claim was so obviously meritless that it was dismissed prior to trial." *Id.* at 204–05 (internal citations and quotations omitted); *see also Myers v. City of W. Monroe,* 211 F.3d 289, 292 (5th Cir. 2000). "These facts are, however, guideposts, not hard

3

and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam) (quoting *E.E.O.C. v. L.B. Foster Co.,* 123 F.3d 746, 751 (3d Cir. 1997)).

### III.   DISCUSSION

There is no dispute that all defendants are considered prevailing parties based on the Court's entry of summary judgment in favor of all defendants. R. Doc. 135. The Court here need only assess "whether Plaintiff's claims [against the TPCG Defendants] were frivolous, unreasonable, or without foundation, or whether Plaintiff continued to litigate after it clearly became so." *Adams v. City of Shreveport*, No. 15-2637, 2018 WL 2944430, at *3 (W.D. La. June 12, 2018). For the following reasons, the Court finds that Bonvillain's claims were not frivolous so as to warrant an award of attorney's fees pursuant to § 1988, and that other factors are present here that caution against an award of attorney's fees.

Plaintiff advanced a variety of legal theories against the TPCG Defendants, including § 1983 conspiracy claims against all of them, and various discrete or defendant-specific state law theories against certain defendants. *See* R. Doc. 1, 29. They argue overall that Plaintiff produced no evidence to substantiate any of the legal theories advanced against them. *See* R. Doc. 140. Thus, TPCG Defendants argue that they are entitled to attorneys' fees under § 1988 because (1) Bonvillain failed to establish a prima facie case against them, (2) they never offered to settle beyond a nominal cost-of-defense offer during mediation, and (3) all claims against them were dismissed before trial on summary judgment. R. Doc. 140-1 at 9.

The Court will not award the TPCG Defendants attorney's fees. At the outset, it is important to reiterate that the Court entered summary judgment in favor of all defendants due to a lack of evidence of Verdin suffering a constitutional injury at Leone's hands. *See* R. Doc. 135.

4

Said differently, Plaintiff did not submit competent summary judgment evidence for her Fourth Amendment claim against Leone. Since Plaintiff did not establish the prerequisite constitutional injury required to assert a viable § 1983 conspiracy claim against the TPCG Defendants, the Court could not address the § 1983 nor state law claims against the TPCG Defendants on the merits. Because of this, the Court cannot truly conduct a claim-by-claim analysis and determine whether the claims against the TPCG Defendants were frivolous, like other courts are able to do when cases proceed to trial or where all or most claims were addressed on summary judgment. *E.g.*, *Myers*, 211 F.3d at 293 (affirming award of attorneys' fees against a plaintiff after claims proceeded to trial); *Adams*, 2018 WL 2944430, at *3–8 (conducting a claim-by-claim analysis); *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 426–428 (5th Cir. 2011) (conducting a claim-by-claim analysis).

The Court will therefore assess the frivolousness of Bonvillain's claim that her son suffered a constitutional injury. Defendant Leone, whom Bonvillain accused of violating her son's Fourth Amendment rights, is the only defendant who moved to dismiss the claims brought against him. *See* R. Doc. 16. Plaintiff's claims survived the Rule 12(b)(6) motion. R. Doc. 22.

The Court allowed Bonvillain's claims against Leone to survive at the motion to dismiss stage because of the inherently strange fact pattern present here. First, the Court found that the surveillance footage alone did not clearly establish that her son suffered a self-inflicted gunshot wound, despite the autopsy reporting the wounds as self-inflicted. *Id.* at 5. Moreover, Leone's flight from the scene gave the Court pause. *Id.* at 6. Considering these unusual circumstances, the Court found Bonvillain's claims against Leone cognizable enough to allow her to move through discovery to collect evidence as to whether a constitutional injury occurred. Moreover, the Court is mindful that "[e]ven when the law or the facts appear questionable or unfavorable at the outset,

5

a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 214, 422 (1978). Here, the Court found in the early stages of this cases that the fact pattern presented in the Complaint creates an entirely reasonable ground for bringing suit.

The Court finds instructive *Broussard v. Lafayette Consolidated Government*, wherein a court in this circuit assessed the frivolousness of claims that survived the motion to dismiss stage but were later dismissed at summary judgment. No. 13-2872, 2015 WL 745671 (W.D. La. Feb. 20, 2015) (adopting report and recommendation). There, the court found that some of the plaintiff's claims survived the Rule 12(b)(6) analysis, so "the undersigned [could] not find that all of Plaintiff's claims were frivolous, unreasonable[,] or groundless at their inception." *Id.* at *3. The surviving claims were later denied at the summary judgment stage because, after a careful review of the arguments and evidence, the court determined that "the plaintiff's remaining claims were legally insufficient to require a trial on the merits." *Id.* But despite the dismissal at the summary judgment stage, the court determined that "[o]n this record, the plaintiff's claims which survived the Rule 12(b)(6) analysis cannot be considered frivolous or unreasonable." *Id.* A similar situation is present here: this Court allowed Bonvillain's predicate claim to her § 1988 claims against the TPCG Defendants—that Leone constitutionally injured Verdin—to survive the motion to dismiss stage. Therefore, like the court in *Broussard* who did not find frivolity in claims that survived the motion to dismiss stage, the Court will not find frivolous or unreasonable Bonvillain's claim that Leone violated her son's Fourth Amendment rights.

The *Broussard* case is also instructive as a policy matter. In that case, the court *did* find that some of the plaintiff's claims were frivolous—namely, the claims that did not survive at the motion to dismiss stage. *Id.* at 3–4. But it importantly noted that it "[did] not reject as frivolous the factual allegations made by [the plaintiff] regarding her [] experiences made the subject of this

lawsuit." *Id.* at 4. "Rather, as the record demonstrates, the Court found that Plaintiff's legitimate factual allegations were construed by her attorneys into legal claims found to be frivolous, groundless[,] and unreasonable." *Id.* The Court here will echo a similar sentiment. It was clear to this Court at the motion to dismiss stage that the facts here—namely, a two-shot death and an officer who flees a scene—that Plaintiff made her factual assertions in good faith. The Court will not penalize Bonvillain "for the decisions of her attorneys." *Id.* What shines through the Court's entry of summary judgment is a want for Bonvillain to have submitted competing forensic testing to dispute the testing submitted by the various defendants. *See* R. Doc. 135. "Section 1988 does not authorize the award of attorney's fees against a plaintiff's attorney." *Broussard*, 2015 WL 745671, at *4. Therefore, this Court will decline to award attorney's fees to the TPCG Defendants pursuant to 42 U.S.C. § 1988.

## IV. CONCLUSION

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Motion for Attorney's Fees filed by TPCG Defendants, R. Doc. 140, is hereby **DENIED**. The request for costs contained in the motion is hereby **REFERRED** to the Clerk of Court.

**IT IS FURTHER ORDERED** that the Motion for Attorney Fees filled by Silas Guidry and Timothy Soiget, R. Doc. 141, is hereby **REFERRED** to the Clerk of Court for an assessment of their request for costs. Despite the title of the lead document, the Court did not find any arguments in support of a request for attorney's fees pursuant to 42 U.S.C. § 1988 in the memorandum in support of the motion.

New Orleans, Louisiana this 2nd day of October, 2025.

_____
THE HONORABLE ELDON E. FALLON